E. F. MULLOY *v*. ARTHUR C. WHITE and MILTON H. HARRIS.

April Term, 1875.

ATTACHMENT BILLS — EXECUTION OF FINAL DECREE. — The complainant who obtains a final decree upon an attachment of property, without personal service of process, is entitled to execute the same at the expiration of the stay which may be ordered by the court under the Code, secs. 3527, 3528, and the court is not authorized to impose other terms in such cases.

*John T. Brown,* for complainant.
*Neil S. Brown,* for defendants.

THE CHANCELLOR : — The complainant files this bill as a creditor of the defendant Harris, to reach a fund in the hands of the defendant White as a testamentary trustee, to be paid, by the terms of the will, to Harris, in sums of $500 each year. The bill is an ordinary attachment bill under the Code, sec. 3455, subsec. 1, the ground of the attachment being that the debtor defendant resides out of the state. The defendant has not appeared,

and the complainant is entitled to a final decree by default. By the Code, sec. 3529, it is provided: " In all cases of attachments sued out because the defendant resides out of the state, or has merely removed himself and property from the state, the judgment or decree by default may be set aside, upon application of the defendant and good cause shown, within twelve months thereafter, and defence permitted upon such terms as the court or justice may impose." The question before me is whether I can impose any, and what, terms upon the complainant, before executing his decree, with a view to protect the defendant during the twelve months allowed for defence, under the above provision.

This question came before me at a former term, in a case where the decree was by default without personal service, and without attachment of property. Such a decree is authorized by the Code, sec. 4352, subsecs. 1–5, and sec. 4369, subsec. 2. The effect of such a decree is regulated by sections 4379–4383. Section 4382 provides thus: " It is no objection to the execution of a decree rendered against a defendant that it was founded on a bill taken for confessed, without personal service; but the court may require the complainant to give sufficient security, in such sum as the court deems proper, to abide by and perform such order touching the restitution of property, or repayment of money, as the court may make, upon the defendant subsequently setting aside the decree and successfully resisting the complainant's suit." The decree authorized as above does not become absolute for three years from its rendition, unless a copy is served upon the defendant, in which event the decree does become absolute within six months thereafter. Sec. 4379. There is also a provision in favor of the heirs of a defendant who may die before or after bill filed, to come in within three years and make defence. Secs. 4380, 4381. Under these circumstances, it seemed to me, upon mature consideration, that the provisions of section 4382 are emi-

nently wise and proper, and I accordingly held, in the case referred to, that it was the duty of the court, in all cases falling within the scope of that section, unless special cause appeared or was shown to the contrary, to require the complainant to give a sufficient bond to protect the defendant in the contingency provided for, before permitting him to execute the decree. I also held in that case, upon the strength of a decision made in 1861, in this court, by Chancellor Frierson, that service of a copy of the decree, under section 4379, might be made in any other state as well as in this state, to be evidenced by the affidavit or deposition of a competent person; the object of the statute being merely to give notice, and not to coerce attendance. These conclusions were carefully considered and fully discussed in a written opinion then delivered. *Scovel* v. *Absten*, 1 Tenn. Ch. 73. I have seen no reason, since that time, to change the views then entertained and announced. It remains to consider whether the ruling applies to this case.

That case, it will be remembered, was upon default without personal service, and without attachment of property. This case is by default without personal service, but upon attachment of property. Such cases in chancery, it is expressly provided by section 4378, "are governed, in respect to the effect of the decree *pro confesso*, by the provisions of sections 3529 to 3534." These latter provisions are contained in the chapter of the Code devoted to attachments, and, when we come to examine them, cover the same ground, though with material differences, as sections 4379–4383, regulating decrees by default without personal service, and without attachment of property. These latter sections are immediately preceded by section 4378, which refers us to sections 3529–3534 for the law governing decrees by default under attachment of property. It seems reasonable to conclude that the Legislature intended to keep these two classes of cases separate and distinct, and not to regulate either by the provisions designed for the other.

In the very nature of things, too, there is an essential difference between cases where property of a defendant is seized by process of law, and where there is no such seizure. The owner of property, ordinary experience teaches us, is almost always represented by an agent, or bailee, wherever that property is. The law may well presume that he will be speedily notified of any positive act which affects his ownership. Moreover, the person who undertakes to seize property by attachment is required to give bond, with good security, in double the amount of his debt, payable to the defendant, and conditioned to prosecute his attachment with effect, or, in case of failure, pay the defendant all costs that may be adjudged against him, and also all such damages as he, the defendant, may sustain by the wrongful suing out of the attachment. No such bond, and, in most instances, no bond except for costs, is required as a prerequisite to the filing of bills in which decrees by default without service of process may be taken under section 4369, subsection 2. The same reason, therefore, does not exist for demanding a bond in attachment cases as under the class of cases provided for by those sections in the midst of which section 4382 is embodied.

Moreover, by section 3527 the court, in attachment cases, is authorized to stay final decree for not less than six months nor more than twelve months from the time of the return of the attachment. And by section 3528 it is provided that, where the attachment is sued out because the defendant is a non-resident, the stay shall be allowed, unless sufficient cause appear to the contrary. These liberal provisions for a stay of the final decree were doubtless deemed sufficient by the Legislature to protect the defendant, without requiring the additional security of the bond prescribed by section 4382.

It may be added that section 4382 is borrowed from the act of 1787, 22, 1 (the first proviso), from which are also taken sections 4379, 4380, 4381, and 4383, and that act relates to default where there is no attachment of property.

I am, therefore, of opinion that my former ruling does not apply to this class of cases, and that, as six months from the return of the attachment have elapsed, the complainant is entitled to his final decree. *Claybrooke* v. *Wade*, 7 Coldw. 562. It appears in this particular case that the fund sought to be reached is in the hands of a testamentary trustee, whose duty it is to notify the *cestui que trust* of the bill filed against him. It also appears that he has paid the debtor one instalment of his legacy, and is therefore in correspondence with him. Under these circumstances, I see no reason for postponing the final decree longer. The decree, however, can only be taken for the instalments as they fall due under the will.